BENOLIEL v. BECKER et al.

(Supreme Court, Appellate Term. October 5, 1898.)

1. SUMMARY PROCEEDINGS—NEW TRIAL—MUNICIPAL COURTS.
   The municipal court cannot set aside a verdict and grant a new trial in summary proceedings.
2. SAME—APPEAL—REVIEW.
   The supreme court, in the absence of error of law, will not disturb a final order based on a verdict, where the evidence, if credited, is sufficient to support the verdict.

Appeal from Eighth district court.

Summary proceedings by David J. Benoliel against Julius Becker and Emanuel Abeles. From a final order and an order denying a motion to set aside the verdict of the jury, and for a new trial, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Coudert Bros., for appellant.
Wahle & Stone, for respondents.

PER CURIAM. This is an appeal by the landlord from a final order in summary proceedings in favor of Emanuel Abeles, a tenant, and against the landlord, and from an order denying the landlord's motion to set aside the verdict of a jury, and for a new trial. The landlord instituted the proceedings to dispossess the tenant upon the ground that the term had expired. Issue was duly joined, and, the tenant having demanded a jury trial, the same proceeded before one of the justices of the municipal court and a jury. The jury rendered a verdict in favor of the tenant, whereupon the trial judge, being of the opinion, as he stated, that the verdict was not sustained by the evidence, expressed his determination to set it aside. Before the entry of the formal order, however, the attention of the trial judge was called to a decision of this court wherein it was held that the municipal court had no power to set aside a verdict and grant a new trial in summary proceedings, and thereupon the judge revoked his decision setting aside the verdict and granting a new trial upon the ground that the said verdict was against the weight of evidence, and he denied the motion to set aside the verdict for the reason that the court had no power to grant the same. In this he was right.

The defense tô the proceedings was that the landlord, for a valuable consideration, had agreed to give the tenant an extension of the lease for the term of one year from April 30, 1898. Upon this issue the matter was submitted to the jury, who, as we have seen, brought in a verdict for the tenant. There was a sharp conflict of testimony. A close examination of the record satisfies us that the case was carefully tried, and the rights of both landlord and tenant fully protected. The charge, as a whole, seems to be fair, and to set forth correctly the law applicable to the controversy. The errors which the plaintiff claims were committed, and to which he took exception, were, we think, cured by the statements which were subsequently made by the justice to the jury. The record before us fails to disclose any error that would warrant this court in interfering with the final order. The learned trial judge, having the witnesses before him, and being able to observe their appearances, demeanor, and manner of testifying,—an advantage we do not possess,—seems to have disagreed with the verdict of the jury on the question of fact, which, as we have said, he fairly submitted to them. The evidence, however, produced by the tenant, as disclosed by the record, is sufficient, if credited, to support the verdict; and this court, in the absence of some error of law, will not disturb the final order.

The orders appealed from are affirmed, with costs.